[No. 4989.  Decided February 28, 1905.]

SARAH BROCKWAY, *Respondent,* v. T. O. ABBOTT *et al.;*
*Appellants.*[1]

CHATTEL MORTGAGES—RECORDING—POSSESSION OF MORTGAGEE—
—PURPOSE OF TAKING POSSESSION—BAILMENTS—EVIDENCE—CON-
TEMPORANEOUS ORAL AGREEMENT—VARYING TERMS OF WRITING.
Where, at the time of making a chattel mortgage the property
was delivered to and stored by the mortgagee, the mortgagor
claiming a gratuitous bailment, oral evidence is admissible to
show a purpose to hold the goods as a mortgagee in possession.
for further security, under a contemporaneous oral agreement not
to record the chattel mortgage, since the taking of possession
was an independent act, and such evidence did not contradict
the terms of the written contract.

SAME—POSSESSION OF MORTGAGEE—CONVERSION—DELAY IN FORE-
CLOSURE. A mortgagee in possession for the purposes of security
is not guilty of a conversion by reason of delaying foreclosure
after condition broken, while the right of foreclosure exists, and
the mortgagor cannot recover the value of the property without
redeeming from the mortgage debt.

SAME—UNRECORDED CHATTEL MORTGAGE—CREDITORS—NOTICE. The
mortgagee of chattels, coming into possession in good faith be-
fore other liens attach, holds against all the world, although the
mortgage is not recorded and creditors have no notice thereof.

Appeal from a judgment of the superior court for Pierce
county, Snell, J., entered August 15, 1903, upon findings
in favor of the plaintiff, after a trial on the merits before
the court without a jury, in an action for the foreclosure
of a chattel mortgage. Affirmed.

*Stiles & Doolittle,* for appellant T. O. Abbott, contended,
*inter alia,* that the mortgage gave the right of possession
to the mortgagor. *Pacific Nat. Bank v. San Francisco
Bridge Co.,* 23 Wash. 425, 63 Pac. 207; *Ruckman v. Imb-*

[1]Reported in 79 Pac. 924.

*ler Lumber Co.,* 42 Ore. 231, 70 Pac. 811. The mortgagee had no right to possession except for the purpose of foreclosure. 5 Am. & Eng. Ency. Law (2d ed.), p. 988; *Binnian v. Baker,* 6 Wash. 50, 32 Pac. 1008; *Silsby v. Aldridge,* 1 Wash. 117, 23 Pac. 836; *Howery v. Hoover,* 97 Iowa 581, 66 N. W. 772; *Burton v. Randall,* 4 Kan. App. 593, 46 Pac. 326; *Woods v. Garr, Scott & Co.,* 93 Mich. 143, 53 N. W. 14; *In re Haake,* Fed. Cases, No. 5883; *Landon v. White,* 101 Ind. 249; *Hartman v. Ringgenberg,* 119 Ind. 72, 21 N. E. 464; *Case v. Boughton,* 11 Wend. 106; *Davis v. Rider,* 5 Mich. 423. He must foreclose within a reasonable time, and this was not done. *Marseilles Mfg. Co. v. Perry,* 62 Neb. 715, 87 N. W. 544; *Halley v. Kenoyer,* 1 Wash. Ter. (N. S.) 611; 5 Am. & Eng. Ency. Law (2d ed.), p. 1003; Bal. Code, § 4800.

*Jesse Thomas,* for appellant Swalwell Land, Loan & Trust Co. An unrecorded chattel mortgage is void as against creditors of the mortgagor. Bal Code, § 4558; *Blumauer v. Clock,* 24 Wash. 596, 64 Pac. 844, 85 Am. St. 966; *Hinchman v. Point Defiance R. Co.,* 14 Wash. 349, 44 Pac. 867. The mortgage gave the mortgagor the right of possession. *Ephriam v. Keller,* 4 Wash. 243, 29 Pac. 985, 18 L. R. A. 604. And an oral agreement that the mortgagee should hold possession contradicted the written contract. *Pacific Nat. Bank v. San Francisco Bridge Co.,* 23 Wash. 425, 63 Pac. 207; *Carr v. Jones,* 29 Wash. 78, 69 Pac. 646; *Windell v. Readman Warehouse Co.,* 30 Wash. 469, 71 Pac. 56.

*John H. McDaniels,* for respondent, contended, among other things, that the loan company, claiming under a bill of sale, acquired no rights as a creditor. *Thompson v. Huron Lumber Co.,* 4 Wash. 600, 30 Pac. 741, 31 Pac. 25; *Horn v. Volcano Water Co.,* 13 Cal. 62. As a pur-

chaser of the property in the possession of the mortgagee it was not protected. Jones, Chattel Mortgages, § 309; *Hinchman v. Point Defiance R. Co.,* 14 Wash. 349, 44 Pac. 867; *Mendenhall v. Kratz,* 14 Wash. 453, 44 Pac. 872. A mortgagee in possession under an unrecorded chattel mortgage made in good faith holds against all the world. *Marsh v. Wade,* 1 Wash. 538, 20 Pac. 578; *First Nat. Bank v. Anderson,* 24 Minn. 435; *Coty v. Barnes,* 20 Vt. 78.

Fullerton, J.—On January 9, 1895, the appellant, T. O. Abbott, made and delivered to one S. Warburton his four several promissory notes, three of which, aggregating $585, were payable to Warburton, and one of which, being for $990, was payable to the respondent. These notes represented loans which Warburton had theretofore made on behalf of himself and the respondent to Abbott, and $200 which Warburton advanced him at the time of their execution. The notes were payable two years after date. To secure the payment of the notes according to their tenor and effect, Abbott, at the same time, executed and delivered to Warburton a chattel mortgage upon some seven hundred and ninety-two volumes of a certain publication, known as Abbott's Real Property Statutes of Washington Territory, together with the copyright of the same, and the paper matrices of the original forms from which the books had been printed. This mortgage was made to Warburton and one H. N. Brockway, the husband of the appellant. At the time of the execution of the mortgage, the books and paper matrices were delivered into the possession of Warburton; it being understood between him and the appellant Abbott, that the mortgage should not be recorded. After the maturity of the notes, the same not being paid, Warburton assigned his notes, and his interest

in the mortgage, to the respondent, who had also taken an assignment of the mortgage from H. N. Brockway.

This action was begun in June 1901, some four years after the notes matured. In her complaint the respondent alleged the execution of the notes and chattel mortgage, the delivery of the property to Warburton, the assignment to her by Warburton and Brockway of their interests therein, that no payments had been made thereon, and that there was due upon the notes and mortgage sums aggregating some two thousand three hundred dollars. The prayer was for judgment against Abbott for the amount so due, for a decree foreclosing the mortgage and directing a sale of the mortgaged property, and the application of the proceeds of the sale to the satisfaction of the judgment.

To the complaint Abbott first filed an answer, in which he denied the allegations of the complaint, but asked no affirmative relief. Later on he filed an amended answer, which, in addition to denials, contained affirmative matter to the effect that the mortgaged property was not delivered to Warburton as mortgagee, or as agent for the mortgagee, but as a gratuitous bailee and agent for Abbott, to relieve him of the burden of taking care of the property; and that, some time before the property was put in Warburton's possession, Abbott and wife had given their note to the First National Bank of Everett for $1,400; that subsequently the note was assigned to the Swalwell Land, Loan & Trust Company; and that on October 8, 1901, (some five months after the commencement of this action), Abbott and wife had given a bill of sale of the property, with covenants of warranty, to the Swalwell Land, Loan & Trust Company, in consideration of the surrender and return of their note; that possession of the property had been demanded of him by the Swalwell Land, Loan & Trust Company, and that he in turn had demanded such

possession of Warburton, that possession thereof had been
refused, and that, by reason of the premises, Abbott had
become liable to the Swalwell Land, Loan & Trust Com-
pany for the value of the books, which were worth $7,200,
and had been damaged in that sum by the action of the
respondent, and prayed for judgment against her for that
sum.

About the time this amended answer was filed, the Swal-
well Land, Loan & Trust Company obtained leave of court
and intervened in the foreclosure action. In their com-
plaint in intervention, they alleged substantially the mat-
ters contained in the further and separate answer of T. O.
Abbott, demanding judgment against the respondent as
for a conversion of the property. Issue was taken on these
answers, and a trial had, resulting in a judgment and de-
cree of foreclosure, as prayed for in the complaint.

While the appellant Abbott makes many assignments of
error, the only assignment necessary to notice is the one
involving the contention that the respondent's acts with
reference to the mortgaged property amounted to a conver-
sion of such property, rendering her liable for its actual
value. He argues that the respondent is liable, no matter
which theory of the evidence is taken; if the goods were
taken merely for storage, it was a conversion for the re-
spondent to refuse to return them on demand; and, on the
other hand, if they were taken as mortgagee in possession,
there was such an unreasonable delay in disposing of them
that the law implied a conversion.

The court found against the appellant as to the purpose
for which the respondent took possession of the property.
It held that she took it as security, becoming a mortgagee
in possession, and was not required to deliver it up on de-
mand of Abbott, or any one deriving title through him,

without the payment of the mortgage debt. This finding was abundantly justified by the evidence. Aside from the oral evidence in the record that such was the purpose of the parties, when the property was delivered to Warburton, there was a written agreement made with reference to the withdrawing of individual books, as they might be sold by the mortgagor, which, it would seem, would not have been necessary, or even thought of, had the books not have been held in pledge for the mortgage debt. We have not overlooked the argument to the effect that it was not competent to prove by parol the purpose or which the books were turned over to the mortgagee. But we think such evidence competent. Such evidence in nowise contradicted or varied the terms of the mortgage. The turning over of the property was an independent act, a part of the original scheme to furnish security; and the fact that the mortgage did not especially provide for it did not make the act illegal, or prevent its being proven by the best evidence possible.

The second part of the contention is equally without merit. The possession of the mortgaged property by a mortgagee in possession does not become wrongful immediately upon condition broken, nor during the time the right of foreclosure exists. If the mortgagee actually converts the property, or suffers his right to foreclose to lapse from some other cause, then he becomes liable to account to the mortgagor for the value of the property over and above the mortgage debt. But so long as the property remains intact, and the right of foreclosure exists, the possession of the mortgagee is rightful, and the only remedy the mortgagor has, as against the mortgagee, is to redeem from the mortgage debt; he cannot recover the value of the property because of mere delay in foreclosure.

The appellant, Swalwell Land, Loan & Trust Co., makes the additional contention that the mortgage is void as to it because not recorded. But this precise point was met and determined adversely to its contention by the late territorial court in *Marsh v. Wade*, 1 Wash. 538, 20 Pac. 578. This decision, we think, correctly states the law, and will be followed here.

The judgment appealed from is affirmed.

MOUNT, C. J., HADLEY, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.